IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In the matter of:<br><br>STELLA SHAMOUN,<br><br>          Plaintiff,<br><br>v.<br><br>NILES TOWNSHIP HIGH SCHOOL DISTRICT 219,<br><br>          Defendant. | Case Number: 18-cv-4975 |

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff STELLA SHAMOUN (hereinafter "Plaintiff"), by and through her attorney, Christina Abraham, complaining of Defendant NILES TOWNSHIP HIGH SCHOOL DISTRICT 219 (hereinafter "Defendant") for violations of Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978. In support of her claim, Plaintiff states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution, laws, or treaties of the United States. This is a civil action brought under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978. On May 29, 2018, the Equal Employment Opportunity Commission (EEOC) issued to Plaintiff a Notice of Right to Sue.

2. Venue is proper under 28 U.S.C. § 1391(b), as Defendant operates in this judicial district and the events giving rise to the claims in this Complaint occurred in this district.

**Parties**

3. Plaintiff Stella Shamoun is a pregnant female and former employee of Defendant. Plaintiff was hired as a Purchasing Coordinator on July 3, 2017 and worked at Defendant's main office.

4. Defendant Niles Township High School District 219 is a public school district operating in Cook County, Illinois.

**Factual Allegations**

5. Plaintiff is female.

6. Plaintiff was hired as a Purchasing Coordinator at Defendant on July 3, 2017. As Purchasing Coordinator, Plaintiff was responsible for assisting the Staff Accounting with performing procurement functions for Defendant.

7. Plaintiff reported directly to Ms. Whitney Draegert, Director of Business Services, although the job description posted by Defendant indicated that she would have been reporting to the Staff Accountant.

8. On November 3, 2017, Ms. Draegert performed an evaluation of Plaintiff, in which she noted that Plaintiff performed "excellent[ly]" and "proficient[ly]" for most areas. The evaluation only noted that Plaintiff needed improvement under the area of "knowledge and skills", stating further: "As this is [Plaintiff]'s first position with a School District she is learning the policies, procedures and facts relevant to the job. She is also learning how a school district operates." Ms. Draegert then extended Plaintiff's probation period for another ninety (90) days.

2

9. Upon information and belief, it is the policy of Defendant to calculate probation periods by working days, as opposed to calendar days. This would have placed the end of Plaintiff's probation period at March 19, 2018.

10. On or about January 9, 2018, Plaintiff verbally informed Ms. Draegert that she was five (5) weeks pregnant.

11. Following this, Plaintiff requested some adjustments to her schedule (but that would result in her working the same amount of hours) on certain days in order to attend doctor's appointments. Plaintiff typically notified Ms. Draegert of absences from the office via email.

12. On February 6, 2018, at approximately 2:40 p.m., Plaintiff was told to appear for a meeting with Ms. Draegert. She was not immediately told of the reason for this meeting, but was later told that Dr. Edmund Murphy, Assistant Superintendent of Human Resources, would be at the meeting, and that the meeting pertained to her review.

13. Upon arriving to the meeting, Plaintiff was given an impromptu "informal observation". This "informal observation" occurred prior to the expiration of the additional 90-day probation period she had been placed on in November. Following this "informal observation", Plaintiff was told that the administration was recommending her termination from Defendant, effective February 13, 2018. She was suspended without pay until the date the Board would finalize the action.

14. The stated reasons for Plaintiff's termination are incorporated in a memo that was given to her by Dr. Murphy and Ms. Draegert on February 6, 2018.

15. On February 6, 2018, Plaintiff provided a written response to the Board addressing the stated reasons for her termination. Plaintiff noted that some of the instances referred to in

her termination memo not only were inaccurate, but also preceded her November 2017 evaluation and had not been raised at that time. Plaintiff notified the Board that she believed the true reason for her termination was because she had notified Ms. Draegert that she was pregnant.

16. On February 13, 2018, the Board of Directors of Defendant made a final determination and terminated Plaintiff.

17. On April 12, 2018, Plaintiff filed a charge of discrimination with the EEOC, which was perfected on May 9, 2018.

18. On May 29, 2018, the EEOC issued Plaintiff a Notice of Right to Sue. Attached as Exhibit A is the Notice of Right to Sue and filed EEOC charge.

19. As a result of her termination, Plaintiff has suffered damages that include, but are not limited to, loss of income, loss of healthcare (at a critical time in her life), and other pecuniary and emotional damages.

### Count I – Pregnancy Discrimination

20. Plaintiff reasserts and realleges all previous paragraphs as if fully incorporated herein.

21. Defendant unlawfully discriminated against Plaintiff when, shortly after learning she was pregnant, it terminated her. Moreover, Defendant's reasons for terminating Plaintiff are pretext, as some of the grounds were false, and others had not been raised during Plaintiff's first evaluation. Additionally, Defendant subjected Plaintiff to disparate terms and conditions of employment in the manner and frequency that it conducted evaluations of her, which ultimately led to her termination.

22. Consequently, Defendant violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978.

## Conclusion and Prayer for Relief

WHEREFORE, Plaintiff STELLA SHAMOUN respectfully requests that this Honorable Court enter judgment in her favor and against Defendant NILES TOWNSHIP HIGH SCHOOL DISTRICT 219, awarding:

a. Actual damages;

b. Compensatory damages;

c. Punitive damages;

d. Costs;

e. Attorney's fees; and

f. Such other relief as the Court deems just and equitable.

                        Respectfully submitted,
                        STELLA SHAMOUN
                        Plaintiff

                        _____/s/Christina Abraham_____
                  By:   Christina Abraham
                        Attorney for Plaintiff

July 20, 2018

Attorney No. 6298946
Christina Abraham, Esq.
Attorney for Plaintiff
161 N. Clark Street, Suite 1600
312-588-7150